UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALLEXA FIORI,

    Plaintiff,                                          CASE NO.:

vs.

299 N FEDERAL OPERATIONS, LLC,
a Foreign Limited Liability Company, d/b/a
WURZAK HOTEL GROUP,

    Defendant.
_____/

**COMPLAINT**

COMES NOW the Plaintiff, ALLEXA FIORI (hereinafter "FIORI"), by and through the undersigned Counsel, and sues the Defendant, 299 N FEDERAL OPERATIONS, LLC, a Foreign Limited Liability Company, d/b/a WURZAK HOTEL GROUP (hereinafter "WHG"), and alleges the following:

**JURISDICTION AND VENUE**

1.    This is a civil action alleging violations of the Fair Labor Standards Act, with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2.    This Court is vested with federal question jurisdiction over Plaintiff's claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.    Venue lies within the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

1

4. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

5. At all times material hereto and currently, WHG was/is duly authorized and licensed to do business in Broward County, Florida, with its physical location at 299 N Federal Highway, Fort Lauderdale, FL 33301, and its principal address at 4200 City Avenue, Philadelphia, PA 19131.

6. At all times material hereto and currently, WHG operated and continues to operate premium-branded, full-service, extended-stay, and focus-service hotels in Fort Lauderdale, Florida, and in select locations throughout Pennsylvania, Virginia, and New Jersey.

7. In the course and scope of its business, WHG employed at least two (2) employees within the meaning of the FLSA.

8. In the course and scope of its business, WHG had/has many employees who regularly handled, sold, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

9. In the course and scope of its business, WHG engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

10. WHG had/has annual gross sales and/or business volume of $500,000 or more.

11. At all times material hereto, WHG was an "enterprise" as defined by the FLSA.

12. At all times material hereto, FIORI was a resident of Broward County, Florida, and was an "employee" of Broward-County-based WHG, as defined by the FLSA.

13. WHG controlled FIORI's duties, hours worked, and compensation. Accordingly, WHG was FIORI's "employer" as defined by the FLSA.

14. As part of her duties as employee of WHG, FIORI was not responsible for managing her department, not responsible for supervising the work of other employees, and did not have the authority to hire or fire employees.

15. As part of her duties as employee of WHG, FIORI was not responsible for the general business operations of WHG, and she did not have the authority to exercise discretion or independent judgment on matters of significance to WHG.

16. As part of her employment with WHG, FIORI's primary duty was not the performance of work requiring advanced knowledge.

## GENERAL ALLEGATIONS

17. Plaintiff FIORI was employed as a full-time Staff Accountant at The Dalmar and Element Hotel Fort Lauderdale, one of the properties owned and operated by WHG, from August 24, 2020 through January 7, 2021.

18. Throughout her employment with WHG, FIORI exhibited exemplary job performance.

19. Throughout her employment with WHG, FIORI was under the supervision of the controller, David Olivera, who significantly limited her duties and responsibilities to those customarily performed by an accounting assistant.

20. Throughout her employment, by way of controller Mr. Olivera, WHG prohibited FIORI from taking daily lunch breaks, despite said thirty (30) minute lunch breaks being reflected in her time cards.

21. On many occasions throughout her employment, the time clock at the property would malfunction, and FIORI would have to email Mr. Olivera to clock in and out of work.

22. Upon information and belief, Mr. Olivera did not properly report FIORI's hours worked when the time clock was malfunctioning, such that FIORI's paystubs do not accurately reflect her total hours worked.

23. FIORI was paid a base salary that was adjusted down by 15% due to WHG's fiscal response to the COVID-19 pandemic, such that she was paid at a reduced annual rate of $38,250.00, which equates to a gross rate of $1,471.15 for each biweekly pay period.

24. FIORI's compensation was based on an expected forty-five (45) hour work week.

25. Upon being offered the Staff Accountant position, WHG communicated to FIORI that her actual hours to be worked weekly depended on business demand.

26. In fact, throughout the entirety of her employment with WHG, FIORI worked more than forty (40) hours per week for WHG.

27. Notwithstanding the fact that she worked more than forty (40) hours per week, WHG never paid her for overtime hours.

28. WHG incorrectly classified FIORI as an "Accounting Manager" in its payroll records, when FIORI was hired to fill a simple Staff Accountant position and was in truth treated more like a simple Accounting Assistant.

29. WHG intentionally misclassified FIORI as an "Accounting Manager" in its payroll records to avoid having to pay FIORI for her overtime hours.

30. FIORI's hourly pay rate was $16.35 per hour.

31. FIORI's overtime pay rate was $24.52 per hour (equals time and one half of her $16.35 hourly pay rate).

32. FIORI is owed payment for 46.5 overtime hours from September 3, 2020 through December 23, 2020, at a rate of $24.52 per overtime hour, for a grand total of **_$1,140.18_**. The detailed breakdown of 46.5 overtime hours is as follows:

| PAY PERIOD | HOURS WORKED | UNPAID OVERTIME HOURS |
|---|---|---|
| 09/03/20 – 09/16/20 | 85.75 | 5.75 |
| 09/17/20 – 09/30/20 | 85.25 | 5.25 |
| 10/01/20 – 10/14/20 | 85.75 | 5.75 |
| 10/15/20 – 10/28/20 | 85.0 | 5.0 |
| 10/29/20 – 11/11/20 | 88.0 | 8.0 |
| 11/12/20 – 11/25/20 | 85.5 | 5.5 |
| 11/26/20 – 12/09/20 | 85.25 | 5.25 |
| 12/10/20 – 12/23/20 | 86.0 | 6.0 |
| **TOTAL** |  | **46.5** |

33. Mr. Olivera's demeaning behavior toward FIORI throughout the entirety of her employment with WHG prevented her from speaking out about her unpaid overtime hours.

34. Mr. Olivera, as a person of authority within WHG, and WHG itself knew or should have known that it is unlawful to not pay an employee for hours worked in excess of forty (40) in a workweek at a rate not less than time and one-half the employee's regular rate of pay.

35. Given the demeaning behavior FIORI was subjected to daily from her supervisor, and WHG's failure to properly compensate her, FIORI resigned from her position effective January 7, 2021.

36. WHG failed to pay or otherwise withheld from FIORI her full and proper compensation for the overtime hours she worked from September 3, 2020 through December 23, 2020.

37. WHG knowingly and willfully refused to pay FIORI her legally entitled overtime wages.

38. From September 3, 2020 through December 23, 2020, WHG failed to pay FIORI the amount of One Thousand One Hundred Forty Dollars and Eighteen Cents *($1,140.18)* for overtime work she performed to the benefit of WHG.

39. At the time of her resignation on January 7, 2021, FIORI had worked 6.5 hours for the pay period beginning on January 7, 2021 and ending on January 20, 2021.

40. To date, FIORI has not been paid for 6.5 hours of normal time worked on January 7, 2021, totaling *$106.28*, at a rate of $16.35 per normal hour.

41. FIORI has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

### COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### UNPAID OVERTIME WAGES

42. Plaintiff FIORI realleges and incorporates the allegations in paragraphs 1 through 38 and 41 above as if fully set forth herein.

43. Under the Fair Labor Standards Act, "no employer shall employ any of its employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed." 29 U.S.C. § 207(a)(1).

44. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid

minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

45. WHG knowingly and willfully failed to pay FIORI for overtime hours worked from September 3, 2020 through December 23, 2020, despite WHG's knowledge that it is unlawful not to pay an employee for overtime hours worked.

46. FIORI brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) the maximum amount of unpaid overtime wages allowable under the FLSA, and (b) liquidated damages.

47. FIORI seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

## COUNT II – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## UNPAID NORMAL WAGES

48. Plaintiff FIORI realleges and incorporates the allegations in paragraphs 1 through 25, 28, 30, 35, and 39 through 41 above as if fully set forth herein.

49. Under the Fair Labor Standards Act, "every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than - . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(C).

50. "Any employer who violates the provisions of Section 206 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

7

51. WHG knowingly and willfully failed to pay FIORI for normal hours worked on January 7, 2021, despite WHG's knowledge that it is unlawful not to pay an employee for normal hours worked.

52. FIORI brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) the maximum amount of unpaid normal wages allowable under the FLSA, and (b) liquidated damages.

53. FIORI seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALLEXA FIORI, demands judgment against Defendant, 299 N FEDERAL OPERATIONS, LLC, a Foreign Limited Liability Company, d/b/a WURZAK HOTEL GROUP, and requests the following relief:

(a) A judgment in favor of FIORI for WHG's violations of the FLSA;

(b) An Order requiring WHG to compensate FIORI for the portion of her wages that remains unpaid, and unpaid overtime wages, totaling $1,246.46, and for liquidated damages, or an additional $1,246.46, under the FLSA;

(c) An award to FIORI for all costs and reasonable attorneys' fees incurred in connection with this action;

(d) An award to FIORI for prejudgment interest on all monetary recovery obtained;

(e) An injunction permanently enjoining WHG, its officers, agents, employees, assigns and all persons in active concert of participation with them, from engaging in any employment practices that violate the FLSA; and

(f) Any such additional or alternative relief which this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff, ALLEXA FIORI, demands a trial by jury on all issues so triable.

Dated February 3, 2021.

                      Respectfully submitted,

                      **Sconzo Law Office, P.A.**
                      3825 PGA Boulevard, Suite 207
                      Palm Beach Gardens, FL 33410
                      Telephone: (561) 729-0940
                      Facsimile: (561) 491-9459

                      By: **/s/ Gregory S. Sconzo**
                      GREGORY S. SCONZO, ESQUIRE
                      Florida Bar No.: 0105553
                      ANDREA C. SCONZO, ESQUIRE
                      Florida Bar No.: 0105578
                      **Primary Email:** greg@sconzolawoffice.com
                      **Secondary Email:** andrea@sconzolawoffice.com